QUAPAW LANDS — HORSERACE BETTING — JURISDICTION The jurisdiction of the United States with respect to criminal offenses, such as wagering on horse races, committed on the Quapaw trust lands in question is proprietary rather than exclusive or concurrent and the State of Oklahoma may prosecute any person for the commission of said offense. Even if it were determined that the United States has exclusive jurisdiction or jurisdiction concurrent with the State of Oklahoma, a horse racing operation on Quapaw lands would be subject to criminal prosecution in the federal courts under the provisions of the Assimilative Crimes Act found at62 Stat. 686, 18 U.S.C. § 13, the effect of which Act incorporates the criminal laws of the State of Oklahoma into the laws of the United States so that violations may be prosecuted as federal offenses. The Attorney General has considered your request for an opinion wherein you inquire concerning jurisdiction over crimes committed on certain lands held in trust by the United States for the Quapaw Tribe of Oklahoma. Your letter reflects that the lands in question consist of approximately 568 acres located in Ottawa County and that the land was purchased in 1937 and 1938, pursuant to an act of Congress. Your request also reflects that the Quapaw Tribe proposes to construct a race track on the land in question and to conduct pari-mutuel horse races on said lands. In particular, you request an opinion as to whether the State of Oklahoma, the Quapaw Tribe of Oklahoma, or the United States has jurisdiction over crimes committed on said lands, with particular regard to pari-mutuel betting on horse races. The subject matter of your request and similar attempts by various Indian tribes to establish horse racing operations have been considered by the Department of the Interior. In particular, in 1972, the identical question presented in your request was reviewed by the Office of the Solicitor of the Muskogee Area Office of the United States Department of the Interior. The letter of the Field Solicitor of March 9, 1972, made reference to an earlier letter dealing with the same subject matter, which was written on December 23, 1971. Copies of those letters are attached hereto and made a part hereof. The gist of both missives is that the Field Solicitor is of the opinion that the jurisdiction of the United States with respect to criminal offenses committed on the Quapaw lands in question is proprietary rather than exclusive or concurrent, and criminal offenses committed on such property would be subject to the criminal jurisdiction of the State of Oklahoma. The Field Solicitor was of the further opinion that, if it should be determined that the United States had exclusive jurisdiction or concurrent jurisdiction with the State of Oklahoma, horse racing operations would be subject to criminal prosecution in the federal courts under the provisions of the Assimilative Crimes Act (62 Stat. 686,18 U.S.C. § 13). The effect of the Assimilative Crimes Act is to incorporate the criminal laws of the State of Oklahoma into the laws of the United States so that violations may be prosecuted as federal offenses. There is also no question that the State of Oklahoma could prosecute a non-Indian who wagered on a horse race on trust lands even if the lands are "Indian country". See Draper v. United States, 164 U.S. 240 (1896); United States v. McBratney, 104 U.S. 621 (1881). After reviewing the opinions of the Field Solicitor, we wholly concur in his conclusions. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner. The jurisdiction of the United States with respect to criminal offenses, such as wagering on horse races, committed on the Quapaw trust lands in question is proprietary rather than exclusive or concurrent and the State of Oklahoma may prosecute any person for the commission of said offense. Even if it were determined that the United States has exclusive jurisdiction or jurisdiction concurrent with the State of Oklahoma, a horse racing operation on Quapaw lands would be subject to criminal prosecution in the federal courts under the provisions of the Assimilative Crimes Act found at 62 Stat. 686, 18 U.S.C. § 13, the effect of which Act incorporates the criminal laws of the State of Oklahoma into the laws of the United States so that violations may be prosecuted as federal offenses. (MICHAEL CAUTHRON) (ksg)